ENOCH MARTIN, *Respondent, v.* RICHARD
WARBURTON, *Appellant,* AND JAMES M.
LYNCH, *Respondent, v.* WM. H. LEE, *Appellant.*

[Tooele Mandamus Cases].

PRECEDING CASE AFFIRMED.—Judgment reversed upon the authority of Chamberlain *v.* Warburton, *Ante.*

PROPERTY HELD BY OUTGOING SHERIFF.—Articles of personal property held by an outgoing Sheriff under an attachment, are not property *pertaining* to the office, in the sense that a delivery will be compelled by Mandamus.

IN such a case the incoming Sheriff has an adequate remedy either by Replevin, or by a suit on the bond of the outgoing Sheriff.

APPEALS from the Third District Court.

The facts appear in the opinion.

*J. G. Sutherland,* for Appellants.

*Tilford & Hagan,* for Respondents.

LOWE, C. J., delivered the opinion of the Court.

EMERSON, J., concurs.

BOREMAN, J., dissents.

These two cases are appeals from the Third District Court of the same character as the preceding case, and affected by the same error, and like order will be made in them.

In the last case, Lynch *v.* Lee, it appears that there was no right of recovery shown in any view. Lynch, as Sheriff, claimed a surrender from the Defendant of the books, records, &c., appertaining to the office of Sheriff. It appeared in evidence that the Defendant had absolutely nothing of that character within his control, but

that he did have in his control articles of personal property held under a writ of attachment, which writ of attachment had been returned to the Court. The Court upon the mandamus proceeding ordered a delivery of this property to the Plaintiff. Plainly these articles did not appertain to the office of Sheriff in such sense that mandamus would lie for their delivery. If the incoming Sheriff was entitled to their possession, his remedy at law was simple and adequate. He could either proceed in Replevin, or by action upon the bond of the outgoing Sheriff.

EMERSON, J., concurred.

BOREMAN, J., delivered the following dissenting opinion in the cases of Martin v. Warburton and Chamberlain v. Warburton:

I am compelled to dissent from the judgment of a majority of the Court in these two cases. The judgment of the Court is based upon the fact that a jury trial was demanded and refused. The matter of damages was the only thing which would warrant a claim for jury.

Had the judgment in respect to damages in this case been as it was in the case of Brown v. Atkin, the grounds of complaint in respect to a jury would have been taken away, and the Defendants (Appellants) would not have been harmed by the refusal of the Judge to grant a jury. The judgments, according to my view, should in these cases have been as in the case of Brown v. Atkin, as to the matter of damages, and otherwise these judgments should have been affirmed.

BOREMAN, J., delivered the following opinion, concurring in the judgment in the case of Lynch v. Lee:

I cannot agree with a majority of the Court in the matter of the jury, for reasons given by me in the cases of Chamberlain v. Warburton, and Martin v. Warbnrton.

Upon the other ground given in the opinion of the Court, I agree to a reversal of the judgment below,

although the right of the Respondent to the property of the office is apparent.